IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 20-cr-10130-FDS |
| | ) |
| ELIJAH MAJAK BUOI, | ) |
| | ) |
| Defendant | ) |

**JOINT STATUS REPORT**

Now come the parties jointly and submit this status report pursuant to Local Rule 116.5(b). The parties state as follows:

1. The government has provided its automatic discovery production. There are no outstanding discovery requests at this time, but counsel reserves the right to request discovery at a later date. The government understands that it has an ongoing and continuing duty to produce discovery.

2. No protective order is necessary at this time.

3. The parties believe it is too early to establish a motions date, and request to do so at the next status conference.

4. The parties request that expert disclosures be due 45 days before trial.

5. The parties are not currently engaging in plea discussions. In the event the case proceeds to trial, it is estimated that the trial may last approximately 2 weeks.

6.  The status conference scheduled for November 6, 2020 is the second status conference in this matter, but the first attended by Attorney Owens.  The parties jointly request that the instant report be considered in lieu of a status conference, and move for a status conference in 60 days to allow defense counsel time to review the case file and the automatic discovery produced in this matter.

7.  The court has excluded the time from September 1, 2020, through November 6, 2020 the date the status conference was originally scheduled for.  The parties agree that the time from November 6, 2020 until the next status conference following the status conference on November 6, 2020 should be excluded. The exclusion of such time is necessary to provide counsel for the defendant and the attorney for the government the reasonable time necessary to attempt to resolve the matter short of trial, and, should those efforts fail, to effectively prepare for trial, taking into account the exercise of due diligence. The parties further agree that the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial.  *See* 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(iv); § 3161(h)(1)(G).


Respectfully submitted,

| | |
|---|---|
| ELIJAH BUOI | ANDREW LELLING |
| | United States Attorney |
| */s/ Bryan Owens* | */s/ Mackenzie Queenin* |
| Bryan Owens | Mackenzie Queenin |
| 100 State Street, 9th Floor | United States Attorney's Office |
| Boston, MA 02109            ` | One Courthouse Way |
| | Boston, MA 02210 |

## Certificate of Service

      I, Mackenzie A. Queenin, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: <u>November 3, 2020</u>　　　　　　　　　　　　　　　　　　　*/s/ Mackenzie A. Queenin*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Mackenzie A. Queenin