IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>ELIJAH MAJAK BUOI, )<br>)<br>Defendant ) | Criminal No. 20-cr-10130-FDS |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE CERTAIN
DEFENSE EXHIBITS**

The government, by and through the undersigned attorneys, hereby seeks an *in limine* ruling from the Court that certain defense exhibits should be excluded because they are not relevant to the conduct charged.

**BACKGROUND**

Approximately 17 months after the government first requested reciprocal discovery, five days after the defendant's exhibit list was due, and one week prior to the start of trial, the defendant Elijah Buoi filed an exhibit list and produced discovery to the government for the first time, labeled as defense exhibits. The defense exhibits consist of 18 documents, a number of which either lack dates or postdate the conduct charged in the Indictment. The exhibits the government seeks to exclude consist of (1) slide decks and/or PowerPoints and a list concerning purported corporate projects of the defendant's company, Sosuda Tech, LLC (Exs. 7, 11, 12-18)[1], (2) draft contracts and proposed agreements that are from the year 2021 (Exs. 6, 8), and (3) a list of purported Sosuda

---

[1] Although these documents lack dates, Exhibits 7, 11, 15 and 18 each contain the defendant's email address or business address. Based upon the government's prior investigation, both the use of the email address and the business location notated in these exhibits appear to post-date the defendant's arrest.

Tech clients that appear to delineate clients retained during the pandemic, clients lost during the pandemic, and clients that were recently acquired (Ex. 5).

## ARGUMENT

Federal Rule of Evidence 401 establishes that evidence must be relevant to be admissible. The test for whether evidence is relevant is whether (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Thus, for evidence to be relevant it must move the inquiry forward to some degree on a fact of consequence. *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 76 (1st Cir. 2010) (internal citation omitted). Likewise, "irrelevant evidence is not admissible." Fed. R. Evid. 402.

At issue in this case is whether the defendant submitted false PPP loan applications between April 2020 and June 2020. Whether the defendant's company had projects or contracts in 2021, a year after the defendant submitted the false loans, is not a fact of consequence in assessing the defendant's guilt or innocence. Similarly, whether the defendant's company retained clients or entered into contracts *after* he was charged is not relevant to whether the defendant fabricated information in loan applications--like the number of employees and payroll his company had in 2019 or 2020. As such, the government respectfully submits that the following exhibits should be excluded:

| Exhibit No. | Bates No. |
|---|---|
| 5 | EB006-EB008 |
| 6 | EB009-EB025 |
| 7 | EB026-EB054 |
| 8 | EB055 |

| | |
|---|---|
| 11 | EB188-EB214 |
| 12 | EB215-EB255 |
| 13 | EB256-EB257 |
| 14 | EB258-EB270 |
| 15 | EB271-EB290 |
| 16 | EB291-EB298 |
| 17 | EB299-EB304 |
| 18 | EB305-EB326 |

While typically the government may wait until the attempted introduction of exhibits to object on relevance grounds, the government understands that these exhibits will be introduced by the defendant in his direct testimony. The government therefore seeks a court ruling in advance because it would be prejudiced by lodging repeated objections in front of the jury during the defendant's testimony.

## CONCLUSION

For the foregoing reasons, the United States of America respectfully requests that the Court grant the relief requested herein.

Respectfully Submitted,

| | |
|---|---|
| RACHAEL S. ROLLINS<br>U. S. ATTORNEY | JOSEPH S. BEEMSTERBOER<br>ACTING CHIEF, FRAUD SECTION |
| By: /s/ *Mackenzie Queenin*<br>Mackenzie Queenin<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>One Courthouse Way<br>Boston, MA 02210 | By: /s/ *Della Sentilles*<br>Della Sentilles<br>Trial Attorney, Fraud Section<br>U.S. Department of Justice<br>1400 New York Ave NW<br>Washington, DC 20530 |

**Certificate of Service**

    I, Mackenzie A. Queenin, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: February 17, 2022                             */s/ Mackenzie A. Queenin*
                                                                                       Mackenzie A. Queenin