IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**

   v.

**ELIJAH MAJAK BUOI**

Criminal No. 20-cr-10130-FDS

### DEFENDANT'S SECOND MOTION IN LIMINE

**COMES NOW** Defendant in this cause and files this his Second Motion *in Limine* seeking an order prohibiting the government and its witnesses from directly or indirectly mentioning, referring to, interrogating concerning, or attempting to convey to the jury in any manner any of the facts or allegations indicated below.

### I.   Introduction

In a disclosure letter to counsel dated January 14, 2022 and in the government's trial brief, the government disclosed its intent to introduce evidence intrinsic to the indictment. The evidence is, *inter alia,* as follows:

1. Defendant's application for and collection of unemployment benefits in 2019 and 2020.

The defense seeks an order, *in limine,* excluding all of this evidence for the following reasons.

1. The evidence is irrelevant pursuant to *Federal Rules of Evidence 401 and 402*;
2. The evidence is inadmissible propensity evidence in violation of *Federal Rule of Evidence 404(a)*;

3. The evidence is not admissible for any of the permitted uses of *Federal Rule of Evidence 404(b)*; and
4. The evidence's probative value is substantially outweighed by the danger of misleading the jury to base their decision on an improper basis, as well as confusing the issues and needlessly wasting the court's time pursuant to the *Federal Rule of Evidence 403* balancing test.

## II. Defendant's application for and collection of unemployment benefits in 2019 and 2020.

The government seeks to introduce documentary evidence and elicit testimony that the defendant applied for and collected unemployment benefits from the Massachusetts DUA in 2019 and 2020.

### A. The Evidence is not Admissible as Intrinsic Evidence and is Inadmissible under any *Rule 404(b)* Theory of Admissibility

Evidence of other acts that are "intrinsic to the crime for which the defendant is on trial" are admissible without regard for the requirements of *Federal Rule of Evidence 404(b). United States v. Epstein,* 426 F.3d 431, 439 (1st Cir. 2005). The government claims Mr. Buoi's receipt of unemployment benefits "provide necessary context for the defendant's offenses." The government further claims that Mr. Buoi's failure to list Sosuda on the unemployment application is "further evidence of his fraud."

It is hard to fathom how Mr. Buoi's receipt of unemployment benefits "provide further context" for his alleged fraud. There is no connection whatsoever. An alleged fraud concerning state-administered unemployment benefits involves an entirely difference structure than the alleged frauds for which Mr. Buoi is on trial. Consider the distinctions: PPP applications are to a private entity (private lenders),

unemployment applications are made to a government agency (the Massachusetts Department of Unemployment Assistance); PPP loans are for the purpose of sustaining an applicant's business interests and payroll, unemployment assistance provides financial benefit for a person who is unable to maintain gainful employment; a fraudulent PPP application victimizes private lenders, a fraudulent unemployment claim victimizes a state agency.

The evidence of Mr. Buoi's alleged unemployment fraud is not intrinsic evidence of PPP fraud. The evidence does not qualify for admission pursuant to any of the permitted admissibility theories of *Rule 404(b)*. "Rule 404(b), by its very terms, excludes only extrinsic evidence -- evidence of other crimes, wrongs, or acts -- whose probative value exclusively depends upon a forbidden inference of criminal propensity." *United States* v. *Manning*, 79 F.3d 212, 218 (1st Cir. 1996) (internal citation and quotation marks omitted).

    B.    **The Evidence of Alleged Unemployment Fraud Should be Excluded because its Probative Value is Substantially Outweighed by a Danger of One or More of the Following: Unfair Prejudice, confusing the Issues, Misleading the Jury, undue Delay, Wasting Time or needlessly Presenting Cumulative Evidence**

The government intends to present testimony of Andrew Devney of the Massachusetts Department of Unemployment Assistance ("DUA") to support the claim that Mr. Buoi fraudulently received unemployment assistance. The government listed on its exhibit list Mr. Buoi's unemployment applications for 2019 and 2020 as well as the schedule of payments made to him. But the government will

not introduce any exhibits of alleged fraud. The DUA has not notified Mr. Buoi of any investigation into his unemployment benefits. There have been no formal notifications that Mr. Buoi improperly received benefits. There are no pending criminal charges related to Mr. Buoi's unemployment compensation.

The defense intends to vehemently challenge any assertion that Mr. Buoi's DUA application and benefits were improperly received or fraudulent. This will involve application and analysis of *Code of Massachusetts Regulations Title 430; Massachusetts General Laws Chapter 151A;* and regulations of the DUA. This will turn into a trial within a trial involving the application of state law.

The government will rely upon Mr. Devney to determine that Mr. Buoi's unemployment applications were fraudulent. This denies Mr. Buoi his due process rights. An investigation into whether unemployment benefits were fraudulently obtained is a formal and hearing-based process during which applicants are afforded the right to be heard. Here, this violates Mr. Buoi's 5th Amendment rights and will put him in the position of acquiescing to the accusation or waiving his 5th Amendment right.

Finally, the determination that an applicant has fraudulently received unemployment compensation occurs through a full investigation by the DUA and/or a criminal proceeding. Here, the government intends to show that Mr. Buoi fraudulently received unemployment compensation through the opinion testimony of one DUA employee.

The defense respectfully requests the Court exclude this evidence. Its introduction will involve a trial within a trial involving the analysis of state law and will force Mr. Buoi to testify to defend himself. The government provides no evidence whatsoever that Mr. Boui's fraudulently received unemployment compensation.

This line of inquiry will confuse the issues, waste the court's time, and devolve into an ongoing mini trial on an entirely collateral issue.

**WHEREFORE,** the defense respectfully requests that the Court exclude any and all evidence concerning Mr. Buoi's application of and receipt of unemployment benefits.

Respectfully submitted,

*/s/ Bryan Owens*
Bryan Owens
405 Main St., Ste 700
Houston, TX 77002
Bryan@owenscriminaldefense.com

**Certificate of Service**

I, Bryan Owens, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: February 19, 2022                    */s/ Bryan Owens*
                                           Bryan Owens