IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 20-cr-10130-FDS |
| | ) | |
| ELIJAH MAJAK BUOI, | ) | |
| | ) | |
| Defendant | ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

The defendant seeks to preclude the government from eliciting limited testimony that the defendant applied for and received unemployment benefits while claiming to operate a business with payroll of approximately $3,000,000 a month, $800,000 a month, or $150,000 a month — depending on the loan application. The defendant's motion comes on the literal eve of trial, although the government explicitly stated that it intended to introduce this evidence in its 21-day letter (provided five weeks ago) and confirmed the same in its trial brief. Dkt __. Tardiness aside, the defendant's motion should be denied on the merits. As a preliminary matter, it misconstrues the scope of the narrow testimony the government intends to elicit. Moreover, the evidence is intrinsic to the crimes charged, and even if the Court concludes it is not, Federal Rule of Evidence 404(b) renders the evidence admissible.

### ARGUMENT

Contrary to the defendant's assertions, the government does not plan on eliciting conclusory testimony that the defendant was committing unemployment fraud. It does intend to establish through Massachusetts Department of Unemployment Assistance Compliance Officer Andrew Devney that the defendant applied for and received unemployment benefits in 2019 and 2020. Mr. Devney's testimony provides necessary context for the charged offenses. Put simply, the fact that the defendant was applying for and receiving unemployment benefits at the same exact time he was claiming to run

a company with hundreds of employees and millions in average monthly payroll is further evidence of the fraud.[1]  The testimony of  Mr. Devney will also establish: (1) that the defendant did not reference Sosuda Tech in his 2020 application for unemployment benefits; (2) that the defendant filled out weekly claim forms after he incorporated Sosuda Tech, beginning in 2019, confirming he was not working.  He also filed weekly claims summaries at the *same exact time* he was filing PPP loan applications on behalf of Sosuda Tech; (3) that the defendant's unemployment application forms show the defendant previously held professional jobs, and that he received his master's degree.  This evidence "is admissible to 'complete the story of the crime by proving the immediate context of events in time and place.'"  *See United States v. Simon*, 12 F.4th 1, 47 (1st Cir. 2021) (evidence of defendant's prior employment was intrinsic to aspects of the charged offense).

But even assuming the Court determines that the anticipated testimony and documentary evidence is extrinsic, it should nonetheless be admitted as proof of motive, intent, and absence of mistake.  *See* Rule 404(b).  The defendant's receipt of unemployment benefits while he was the CEO of Sosuda Tech and while he was applying for the PPP loans is evidence of motive to engage in the fraud scheme.  It is also necessary to show intent and the absence of any mistake—while applying for those loans, the defendant failed to list Sosuda Tech on his unemployment application or on his weekly claim forms.  *United States v. O'Neil*, 839 F. Supp. 2d 1030, 1036 (S.D. Iowa, 2011) (the defendant's unemployment history relevant to show motive for the defendant's alleged activities and not unfairly prejudicial to the defendant); *United States v. Russell*, No. 1:11-cr-00238-TWP-DKL, 2013 U.S. Dist. LEXIS 6428, at *8 (S.D. Ind. Jan. 16, 2013) (denying motion *in limine*, finding evidence of defendant's unemployment and financial difficulties was relevant and not unfairly prejudicial).

---

[1] As noted above, and in the Indictment, the claimed monthly payroll varied depending on the application.

At the same time, the limited evidence the government intends to offer surrounding the defendant's unemployment applications is not unfairly prejudicial.  The evidence the government intends to present does not involve conduct that is "unduly inflammatory."  *United States v. Van Horn*, 277 F.3d 48, 48 (1st Cir. 2002).  Even if the government intended to elicit testimony concluding that the defendant committed unemployment fraud, the charges in the instant case are similar.  Put simply, the unemployment applications concern representations (or, stated differently, a lack of representations) concerning Sosuda Tech.

Given the highly probative value of the evidence, any prejudicial impact is, by comparison, insufficient to justify its exclusion.  *See United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir 1990) (in prosecution for conspiracy to distribute drugs, evidence of defendant's prior drug dealing with co-conspirator was not unduly prejudicial insofar as it "did not involve conduct any more sensational or disturbing than the crimes" charged); *United States v. Shaw, No. CR 14-00338(4)-SJO*, 2018 U.S. Dist. LEXIS 230054, at *11 (C.D. Cal. Feb. 5, 2018)  (holding that the probative value of the defendant's unemployment history as evidence that defendant's unexplained wealth came from the drug conspiracy is not substantially outweighed by unfair prejudice).  Moreover, any such prejudice can be appropriately mitigated by a cautionary instruction that limits the jury's consideration of other acts evidence to the specific purposes for which it is admitted.

Finally, the defendant's concern that the government may potentially waste the Court or the jury's time is unfounded, as the government anticipates Mr. Devney's direct testimony will last approximately fifteen-twenty minutes.

## <u>CONCLUSION</u>

For the foregoing reasons, the defendant's *motion in limine* should be denied.

3

Respectfully Submitted,

RACHAEL S. ROLLINS                    JOSEPH S. BEEMSTERBOER
U. S. ATTORNEY                        ACTING CHIEF, FRAUD SECTION

By:   /s/ *Mackenzie Queenin*         By:   /s/ *Della Sentilles*
      Mackenzie Queenin                     Della Sentilles
      Assistant United States Attorney      Trial Attorney, Fraud Section
      U.S. Attorney's Office                U.S. Department of Justice
      One Courthouse Way                    1400 New York Ave NW
      Boston, MA 02210                      Washington, DC 20530

**Certificate of Service**

I, Mackenzie A. Queenin, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: <u>February 21, 2022</u>                              <u>*/s/ Mackenzie A. Queenin*</u>
                                                         Mackenzie A. Queenin